1842.

CHAMPLIN
v.
PARISH.

</div>

---

CHAMPLIN and another, executors, &c. of Depeyster, deceased,
*v.* PARISH.

---

Where a trustee under a will of real estate has been superseded by withdraw-
ing from the jurisdiction and the remaining trustees sell and file a bill for
specific performance: *Held* that such superseded trustee is not a necessary
party, although it may be that the purchaser will not be required, under a
decree, to take without the superseded trustee joins in a conveyance.

It is enough in pleading to allege a devise to executors in trust to sell and that
the will is made so as to pass real estate, without showing that the will had
been proved as a will of real estate.

Chancery, on a bill for specific performance, will not turn a seller over to a
court of law to recover deposit money; but, having cognizance of the sale,
will carry out the whole matter.

---

BILL to compel specific performance of a purchase of real
estate at auction. It was filed by Elizabeth Schuyler Champ-
lin and William G. Jones, sole acting executors of the will of
Elizabeth Depeyster, deceased, (see an extract from this will
embraced by the case of *Champlin* v. *Champlin,* page 571 ante.)
Elbert Herring had been one of the acting executors, but as he
left the jurisdiction to receive an appointment at Washington,
he was superseded by surrogate's order. The bill stated that
Elbert Herring was ready to join in any conveyance. Also,
(after mentioning the death of the testatrix) that, under the
residuary devise contained in the will, " the real estate passed
to and became vested in the executors and trustees to be sold

<div style="text-align:right">

*July* 7.
1842.

*Vendor and
Vendee.
Pleading.
Parties.
Bill.
Deposit
money.*

</div>

1842.

CHAMPLIN
v.
PARISH.

and disposed of by them as above for that purpose specified ; and that the lots, &c. were part and parcel of the said real estate which so passed." Likewise, that, though the defendant, Henry Parish, had purchased and was now required to perform, yet he had not even paid down the deposit-money required by the conditions of sale.

A demurrer was interposed by the purchaser, Henry Parish, on the following grounds : 1st, that Elbert Herring was a necessary party to the bill ; 2d, that it did not appear that the will had been duly proved as a will devising real estate ; nor that the complainants were duly qualified to take upon themselves the execution of such will and to become seised of such real estate ; 3d, that the defendant was no party to nor had he any knowledge of any sales or conveyances mentioned in the bill, other than the sale in which he was alleged to have been a buyer ; and 4th, that, as to the deposit money, the complainants had a remedy at law.

Mr. *A. M. Sherman*, for the defendant and in support of the demurrer.

Mr. *Auld*, for the complainant.

*Sept.* 14.

THE VICE-CHANCELLOR :—The first cause of demurrer, that Elbert Herring is a necessary party to the bill, is not good. He was not a party to the contract of sale which the bill seeks to enforce, though it may be necessary, in order to make a title to the defendant, that he should unite with the complainants in the deed. If, under the decree that shall be made, the complainants are not able to get Herring to execute the deed as they now offer to do, the suit will entirely fail and the defendant be exonerated. For this reason, I think the necessity of making him a party is obviated.

The second cause of demurrer also fails. Whether the will has or has not been proved as a will of real estate is immaterial at present. The bill shows that the will was made so as to pass the title to real estate ; that the estate was devised to the executors in trust to sell ; and that they became vested with the title and seised and possessed of the estate. This is enough in pleading. On a reference under a decree to ascertain whether they

can give a good title, it will be seen whether they can or cannot.

The matter thirdly demurred to, is mere matter of inducement, very properly stated and in nowise objectionable.

The ten *per cent.* of the purchase money and, indeed, the whole of the purchase money might be the subject of an action at law to recover it; but chancery having concurrent jurisdiction by way of enforcing a specific performance of the whole contract and the ten *per cent.* being an indivisible part of that contract, though a divisible part of the purchase money, this court has jurisdiction to enforce payment of it in connection with the whole subject.

I am of opinion that every cause of demurrer fails. It is unnecessary to consider the point, whether the answer does not overrule the demurrer, for it must be overruled independent of that objection, with costs; but the defendant is to have twenty days to answer.